ORDERED.

**Dated: December 04, 2023**

Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re

Adrian McCloskey,

Debtor.

Case No. 6:15-bk-02095-LVV
Chapter 7

Gene Chambers, Chapter 7 Trustee

Plaintiff,

vs.

Adrian McCloskey, individually; Anna McCloskey, individually; Emerald Properties, LLC, a Florida limited liability company; Emerald Investments, LLC, a Florida limited liability company; Vincent Wolle, individually; and Results Real Estate Partners, LLC, a Florida limited liability company,

Defendants.

Adversary No. 6:19-ap-00300-LVV

**ORDER DENYING MOTIONS FOR SANCTIONS**

THIS PROCEEDING came before the Court to consider the Motion for Sanctions Against Gene T. Chambers, Chapter 7 Trustee and her Special Counsel ("Motion for Sanctions")(Doc. No. 13) filed by Defendants, Vincent Wolle and Results Real Estate Partners, LLC (collectively

"Defendants"), the Response to Defendants' Motion filed by Gene T. Chambers, Trustee ("Trustee")(Doc. No. 17); Motion for Sanctions Against Defendants filed by Trustee (Trustee's Motion for Sanctions")(Doc. No. 52) and the Response to Trustee's Motion for Sanctions filed by Defendants (Doc. No. 57). Having considered the motions, relevant filings in this proceeding and Adrian McCloskey's bankruptcy case, the Court denies both motions for sanctions.

**Background**

For simplicity, the Court summarizes the relevant facts needed to evaluate the motions for sanctions. A detailed factual background is provided in the Memorandum Opinion and Order Denying Motion to Vacate Order Granting Motion to Dismiss, which the Court incorporates in this order.[1]

On March 11, 2015, Adrian McCloskey ("Debtor") filed a voluntary petition under chapter 7 of the Bankruptcy Code.[2] Gene T. Chambers was appointed chapter 7 trustee ("Trustee").[3] Ouachita Financial Services, LLC ("Ouachita") was the largest creditor in Debtor's case with a judgment for over $6.4 million.[4] Debtor's assets included a 100% membership interest in Emerald Properties, LLC ("Emerald Properties"), a Florida limited liability company.[5] When Debtor filed bankruptcy, Emerald Properties held a 100% interest in a multi-tenant industrial building located at 931 Armstrong Blvd., Kissimmee, Florida 34741 known as Emerald Commerce Center ("Property").[6] Debtor represented in his schedules that Emerald Properties had a $1.9 million

[1] Doc. No. 64.
[2] *In re McCloskey*, No. 6:15-bk-02095-LVV (Bankr. M.D. Fla. filed Mar. 11, 2015) ("Main Case"); Main Case Doc. No. 1.
[3] Main Case Doc. No. 4.
[4] *See* Main Case Claims Register.
[5] Main Case Doc. No. 8, Amended Schedule B.
[6] Main Case Doc. No. 8, Amended Schedule B; Doc. No. 1, ¶ 5.

value based on the Property's value; however, he explained to the Trustee that the Property was subject to a $2 million mortgage.[7] On June 10, 2015, the Debtor was granted a discharge.[8]

In 2017, Ouachita offered the Trustee $15,000 to purchase any interests the Trustee or estate had in Emerald Properties and any other property interests not administered or abandoned by the Trustee, including but not limited to any fraudulent transfer or other avoidable transfer claims.[9] The Trustee filed a motion to sell and at the hearing on the motion to sell, interested parties did not discuss the sale of avoidance actions.[10] The Court approved the sale and entered an Order Granting Motion to Sell (the "Sale Order").[11] The Sale Order provided that upon consummation of the sale, Ouachita "shall succeed to any and all rights of the Trustee related to the Assets and Claims to the same extent, validity, and power as held by the Trustee before the sale."[12]

On May 8, 2019, Ouachita filed a six-count complaint against Debtor, Defendants and others ("Ouachita Adversary").[13] In the Complaint, Ouachita alleged Debtor knew of an offer to purchase the Property for over $3 million, but did not disclose the offer to the Trustee and intentionally misrepresented the value of the Property and Emerald Properties.[14] After Debtor's discharge, but before the bankruptcy case closed, the Property was sold for over $3.1 million.[15] After payment of the mortgage and closing costs, Debtor, via Emerald Properties, received sale proceeds totaling $949,028.63.[16] Defendants, who were the real estate broker, received $189,900.00 from the sale.[17]

---

[7] Main Case Doc. No. 8, Amended Schedule B; Doc. No. 1, ¶ 25.
[8] Main Case Doc. No. 14.
[9] Main Case Doc. No. 31.
[10] The hearing was held on November 14, 2017.
[11] Main Case Doc. No. 50. The order was entered on November 29, 2017.
[12] *Id.*
[13] *Ouachita Fin. Services, LLC v. McCloskey*, No. 6:19-ap-176-LVV (Bankr. M.D. Fla. filed May 8, 2019) ("Ouachita Adversary") Ouachita Adversary Doc. No. 1. Ouachita amended the complaint on June 13, 2019. Ouachita Adversary Doc. No. 4.
[14] Ouachita Adversary Doc. No 4, ¶¶ 19-23.
[15] Ouachita Adversary Doc. No. 4, ¶ 27.
[16] Ouachita Adversary Doc. No. 4, ¶ 27.
[17] Ouachita Adversary Doc. No. 4, ¶ 28.

Ouachita alleged that the Debtor and Defendants purposefully waited to sell the Property until after the entry of the Debtor's discharge.[18]

Based on these allegations, Ouachita sued Defendants for aiding and abetting fraud and for recovery of unauthorized payment of professionals. Ouachita also asserted counts to revoke the technical abandonment of assets and request turnover of assets under 11 U.S.C. §542. Ouachita asserted it had standing to pursue these claims as the "successor in interest to the Chapter 7 Trustee" based on the Sale Order.[19] Defendants filed a motion to dismiss arguing the claims should be dismissed with prejudice because the bankruptcy court lacked subject matter jurisdiction, the statute of limitations for the claims had expired and Ouachita lacked standing (arguing the Trustee could not sell her avoidance powers).[20] Ouachita responded to the motion to dismiss addressing Defendants' arguments and contending the Sale Order provided standing.[21]

On August 15, 2019, the Court held a hearing to consider Defendants' motion to dismiss. At this hearing, Judge Jackson advised the parties that the Sale Order would be vacated with respect to Ouachita succeeding to the avoidance rights of the Trustee because it exceeded the narrow scope of relief requested and granted at the motion to sell hearing.[22] On September 4, 2019, the Court *sua sponte* entered an Order Vacating Order Granting Motion to Sell Property (the "Order Vacating Sale") which vacated the Sale Order.[23]

As a result, the Trustee initiated this adversary proceeding against Defendants asserting the very same causes of action in the Ouachita Adversary (the "Trustee Adversary").[24] Defendants

[18] Ouachita Adversary Doc. No. 4, ¶ 20.
[19] Ouachita Adversary Doc. No. 4, ¶ 4.
[20] Ouachita Adversary Doc. No. 17.
[21] Ouachita Adversary Doc. No. 26.
[22] Main Case Doc. No. 125, 8/15/2019 Hr'g Tr. 12:15-21.
[23] Main Case Doc. No. 111.
[24] Doc. No. 1. Trustee filed the complaint on August 23, 2019. The Trustee Adversary was actually filed before the Order Vacating Sale was entered, but after the August 15 hearing and clearly in response to Judge Jackson's announcement at that hearing.

sought dismissal raising similar arguments made in the Ouachita Adversary to which the Trustee responded and later supplemented.[25] Defendants also filed their Motion for Sanctions and Trustee responded.[26] On April 15, 2020, the Court entered orders granting the motions to dismiss with prejudice in both the Ouachita Adversary and the Trustee Adversary.[27]

The Trustee did not file an appeal of the Trustee Adversary dismissal order.[28] Ouachita, however, did appeal the Ouachita Adversary dismissal order which the District Court later remanded for further proceedings.[29] After remand, the Court sent all parties to mediation which resulted in a settlement between the Debtor and Ouachita.[30] Ouachita filed a Notice of Voluntary Dismissal with prejudice as to all counts in the Ouachita Adversary, including those against the Defendants—Vincent Wolle and Results Real Estate Partners, LLC.[31] Although all claims against Defendants were dismissed in both adversary proceedings, their Motion for Sanctions was not withdrawn and is still pending. The Trustee then filed her Motion for Sanctions to which Defendants responded.[32]

**Discussion**

Defendants request the Court sanction the Trustee and her special counsel, Jon Kane Esq. under Rule 9011 and 11 U.S.C. § 105 for asserting claims against the Defendants over which the Court lacks jurisdiction, were not property of the estate or are barred by applicable statute of limitations. The Trustee responded that by vacating the Sale Order, the Court retained jurisdiction of the asserted claims which were property of the estate and under the alleged facts, the statute of

---

[25] Doc. No. 9, 12, 16.
[26] Doc. No. 13,17. The Motion for Sanctions was filed on October 31, 2019.
[27] Doc. No. 22. Ouachita Adversary Doc. No. 35.
[28] Three years after entry, the Trustee requested the Court vacate the dismissal order which the Court denied for the reasons stated in the Memorandum Opinion and Order Denying Motion to Vacate Order Granting Motion to Dismiss. Doc. No. 64.
[29] Ouachita Adversary Doc. Nos. 39, 77. While the appeal was pending, the Debtor's bankruptcy case and related adversary proceedings were reassigned.
[30] Main Case Doc. No. 167.
[31] Ouachita Adversary Doc. No. 95.
[32] Doc. No. 52, 57.

limitations could be equitably tolled. Conversely, the Trustee seeks sanctions against Defendants and their counsel, C. Andrew Roy, for proceeding with the request for sanctions given the facts and Trustee's legal arguments.

Under Bankruptcy Rule 9011(b), an attorney filing a pleading represents, to the best of the attorney's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that the pleading is "well grounded in fact, warranted by existing law, and not interposed for an improper purpose." *In re Daytona Grand, Inc.*, No. 6:15-bk-03823-KSJ, 2020 WL 5746176 at *3 (Bankr. M.D. Fla. May 29, 2020).[33] Courts may impose an appropriate sanction upon attorneys, law firms or parties who violate Rule 9011(b).[34] "Sanctions under Bankruptcy Rule 9011 are warranted when (1) the papers are frivolous, legally unreasonable or without factual foundation, or (2) the pleading is filed in bad faith or for an improper purpose." *In re Mroz*, 65 F.3d 1567, 1572 (11th Cir. 1995); *Daytona Grand*, 2020 WL 5746176 at *3.

When considering Rule 9011 sanctions, the court must first determine whether the claims asserted are objectively frivolous in view of the law and facts, and if so, whether the attorney filing the pleading should have known the claims were frivolous. *Mroz*, 65 F.3d at 1573; *In re Lang*, 642 B.R. 76, 86 (M.D. Fla. 2022). Frivolous claims lack a reasonable factual basis or a reasonable

[33] Bankruptcy Rule 9011 is substantially similar to Rule 11 of the Federal Rule of Civil Procedure. *In re Lang*, 642 B.R. 76 (M.D. Fla. 2022) (citing *In re Mroz*, 65 F.3d 1567, 1572 (11th Cir. 1995)). Rule 9011 of the Federal Rules of Bankruptcy Procedure provides:

> (b) **Representations to the Court**. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

[34] *Id*. Rule 9011(c) of the Federal Rules of Bankruptcy Procedure.

chance of success. *Lang*, 642 at 86. The court focuses on the facts and law known or available at the time the pleading was filed. *Mroz*, 65 F.3d at 1572. Hindsight should be avoided. *Id*.

Having applied this standard, the Court finds the Trustee and Kane did not violate Rule 9011 by filing the complaint. The complaint had a reasonable factual basis with a reasonable chance of success against the Defendants when filed. Nor was the complaint filed in bad faith or for an improper purpose. The Court indicated the Sale Order would be vacated when the Trustee filed the complaint leading the parties to a reasonable belief that the Trustee was the owner of such causes of action. None of the claims asserted appeared unreasonable under the circumstances. "The purpose of Rule 9011 is to deter litigation abuse." *In re Manke*, No. 9:15-bk-05370-FMD, 2019 WL 10733644, *1 (Bankr. M.D. Fla. Feb. 22, 2019). The Court cannot discern any litigation abuse by the Trustee or Kane. But, even if the Trustee or Kane did violate Rule 9011 by filing the complaint, the Court declines to impose sanctions under the circumstances. *See* Fed. R. Bankr. P. 9011(c) (the court *may* impose an appropriate sanction for a Rule 9011 violation); *Engwall v. Tinsley*, No. 8:22-cv-638-WFJ; 2023 WL 3092620 (M.D. Fla. Apr. 26, 2023) (the decision to impose sanctions is within the court's discretion even if a Rule 11 violation occurs). The Court also declines to impose sanctions against the Trustee and Kane under 11 U.S.C. § 105.

The Court finds Defendants and their counsel, C. Andrew Roy and Winderweedle, Haines, Ward, & Woodman, P.A did not violate Rule 9011 for proceeding with their request for sanctions. Rule 9011 does not impose a "continuing obligation" on the movant to amend or withdraw a motion for sanctions provided it was reasonably brought in the first place. *Daytona Grand*, 2020 WL 5746176 at *4. The motion for sanctions had a reasonable factual basis with a reasonable chance of success when filed by Defendants. Accordingly, it is

**ORDERED:**

1. Defendants' Motion for Sanctions (Doc. No. 13) is **DENIED**.

2. Trustee's Motion for Sanctions (Doc. No. 52) is **DENIED**.

3. Any other pending motions in this proceeding are **DENIED** as moot.

4. The clerk is directed to close this proceeding when appropriate.

###

Attorney C. Andrew Roy is directed to serve a copy of this order on interested parties.